UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-56 |
| v. | ) | |
| | ) | |
| FRANCISCO JAVIER CASTRO-REYES, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case came before the Court on June 13, 2016, for a motion hearing on the Defendant's Motion to Appoint New Counsel [Doc. 171], filed on June 7, 2016, and his Motion to Extend Plea Deadline [Doc. 172], filed on June 8, 2016. Both of these motions were referred [Docs. 173 & 174] to the undersigned on June 8, 2016. See 28 U.S.C. § 636(b). Assistant United States Attorney Frank M. Dale, Jr., represented the Government. Attorney Andrew S. Roskind appeared with the Defendant, who participated with the aid of an interpreter. The motion states that counsel will disclose the issues in an *ex parte* hearing in order to preserve the confidentiality of attorney-client communications.

The Court conducted a sealed, *ex parte* hearing in order to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that the trust necessary to the attorney-client relationship is irretrievably broken. Additionally, the Court finds that the Defendant and Mr. Roskind have suffered a breakdown in communication. The Court finds that it is appropriate to

have new counsel take a fresh look at this case and advise the Defendant on how to proceed. Accordingly, the Court finds that good cause exists to substitute new counsel for Mr. Roskind.

Based upon good cause shown, the request for substitution of counsel [**Doc. 171**] is **GRANTED**, and Mr. Roskind is relieved as counsel for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney Donny M. Young was present at the hearing and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS** Mr. Young under the Criminal Justice Act (CJA), 18 U.S.C. section 3006A, as counsel of record for the Defendant. Mr. Roskind stated that the discovery and information from the Defendant's file would be available to new counsel by the end of the day.

The Court also addressed the Defendant's request for an extension of the June 10 deadline for concluding plea negotiations in this case. The Court finds that Mr. Young needs time to review the file, to meet with the Defendant, to meet with the prosecutor, and to determine if the Defendant wants to enter into a plea agreement or to proceed to trial. The plea deadline is extended to **July 1, 2016**. All other dates and deadlines, including the July 19, 2016 trial date, shall remain the same at this time.

Accordingly, it is **ORDERED**:

(1) The Defendant's Motion to Appoint New Counsel [**Doc. 171**] is **GRANTED**. Attorney Andrew S. Roskind is relieved of representation of the Defendant. Mr. Roskind is **DIRECTED** to provide the discovery and the Defendant's file to new counsel as expeditiously as possible;

(2) Attorney Donny M. Young is **SUBSTITUTED** and **APPOINTED** as the Defendant's counsel of record under the CJA, and

(3) The Defendant's Motion to Extend Plea Deadline [**Doc. 172**] is also **GRANTED**. Defendant Castro-Reyes deadline for concluding plea negotiations is extended to **July 1, 2016**.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3