UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA,                )
                                          )
                Plaintiff,                )
                                          )
v.                                        )          No.:   3:15-CR-56-TAV-CCS
                                          )
FRANCISCO JAVIER CASTRO-REYES,            )
LUCERO BELTRAN-CHIMAL,                     )
                                          )
                Defendants.               )


## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on third-party petitioner's request to proceed

in forma pauperis [Doc. 325], and application for interest in property [Doc. 326]. Also

before the Court is the government's motion to dismiss third-party petitioners'

application [Doc. 351]. Third-party petitioner did not respond to the government's

motion, and his time in which to do so has passed. E.D. Tenn. L.R. 7.1.

On September 1, 2015, defendants Francisco Javier Castro-Reyes and Lucero

Beltran-Chimal were charged with conspiracy to commit money laundering, among other

charges, in violation of 18 U.S.C. § 1956(h) [Doc. 84]. Subsequently, the Court entered

an agreed order of forfeiture for Castro-Reyes [Doc. 221] and Beltran-Chimal [Doc. 256],

forfeiting their interest in certain monies seized from an address in North Carolina. The

government submits that as required by 21 U.S.C. § 853(n) and Rule 32.2(b) of the

Federal Rules of Criminal Procedure, it sent notice to all parties known to have a possible

interest in this property, and also published notice of the forfeiture, including publication

on the internet on a government operated website for at least thirty (30) consecutive days [Doc. 352 p. 2].

On December 5, 2016, Mason White Hyde (hereinafter "petitioner") filed an application for interest in the property [Doc. 326]. The government moved to dismiss the application, arguing that petitioner's application should be dismissed because petitioner failed to meet the requirements of 21 U.S.C. §§ 853(n)(3) and (n)(6) [Doc. 351].

In order to submit a valid third-party claim, a petitioner must comply with 21 U.S.C. § 853(n)(3), which mandates that a petitioner "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts . . . and the relief sought." 21 U.S.C. § 853(n)(3). "Federal courts require strict compliance with the pleading requirements of § 853(n)(3), primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Carvajal*, No. 3:15-cr-56, 2016 WL 7191687, at *1 (E.D. Tenn. Dec. 12, 2016) (quoting *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011)).

In this case, petitioner' application states only that the petitioner "has a legal interest in the forfeited property in the event no other real, natural, party declares any interest in the property" [Doc. 326]. The remainder of the application contains rhetoric wholly unrelated to the application for interest in the relevant property, and provides no detail as to any purported interest in the property. Thus, petitioner does not set forth the "nature and extent of the . . . right, title, or interest in the property," or "the time and

2

circumstances of [his] acquisition of the right, title, or interest in the property." 21 U.S.C. § 853(n)(3). As such, petitioners' application fails to meet the requirements of § 853(n)(3). Therefore, the Court will dismiss the application for failing to comply with the requirements of § 853(n)(3). *See United States v. Kokko*, No. 06-20065-CR, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007) ("Failure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing.").

Additionally, petitioner's application fails to state a claim under 21 U.S.C. § 853(n)(6). In order to survive dismissal, a third-party claim must "provide enough facts to state a claim to relief that is plausible on its face." *See United States v. Church & Dwight Co., Inc.*, 510 F. App'x 55, 57 (2nd Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Petitioner's application, which states only that he "has a legal interest in the forfeited property in the event no other real, natural, party declares any interest in the property," and provides no other relevant information, fails to provide any facts which make petitioner's claim plausible [Doc. 326]. Therefore, in addition to failing to comply with the requirements of 21 U.S.C. § 853(n)(3), petitioner's application also fails to state a claim for relief that is plausible under 21 U.S.C. § 853(n)(6). *See Church & Dwight Co.*, 510 F. App'x at 57.

The Court notes that petitioner also filed a request to proceed in forma pauperis [325]. Because the Court is dismissing petitioner's claim, it will deny this request as moot.

Case 3:15-cr-00056-TAV-CCS   Document 366   Filed 02/22/17   Page 3 of 4   PageID #: 3118

In sum, the government's Motion to Dismiss Third-Party Petitioners' claim [Doc. 351] is **GRANTED**, and petitioners' Application for Interest in Property [Doc. 326] is **DISMISSED**. Petitioner's request to proceed in forma pauperis [Doc. 325] is **DENIED as moot**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

4